TEXAS AND PACIFIC RAILWAY COMPANY v. G. M. AND W. T. ARNETT.

Decided June 10, 1905.

**1.—Carriers of Freight—Furnishing Cars—Variance.**

Evidence merely that the carrier's agent agreed to furnish cars by November 1, if he could, did not justify the submission of the issue whether or not he agreed to furnish them on or by that date, since the evidence did not show such a contract.

**2.—Same—Negligence—Issue Not Pleaded.**

A pleading alleging failure to furnish cars on a specified and agreed date did not warrant the submission of the issue of negligent delay generally in furnishing the cars.

**3.—Market Value—Cattle Shipment.**

Testimony as to the market value of cattle at a given place, based upon information received from what others at that place told witness about it, was hearsay, and inadmissible.

**4.—Damages—Items Not Pleaded.**

In an action for damages resulting from a failure to furnish cars for a shipment of cattle, the charge should not separately submit an item of damage, such as horse hire necessary to the holding of the cattle during the delay, which was not pleaded, but was shown by the proof.

Appeal from the County Court of Martin. Tried below before Hon. Bailey Anderson.

*Ellis Douthit,* for appellant.—1. The evidence as to the price of the cattle and as to what Bliss had to pay for other cattle is pure hearsay, not properly expert testimony, and was calculated to prejudice the rights of appellant before the jury, and is wholly inadmissible. Southern Pac. Ry. Co. v. Maddox, 12 S. W. Rep., 815; Gulf, C. & S. F. Ry. Co. v. Hughes, 31 S. W. Rep., 412; Houston & T. C. Ry. Co. v. Williams, 31 S. W. Rep., 559; Texas & N. O. Ry. Co. v. White, 62 S. W. Rep., 133; Houston & T. C. Ry. v. Smith, 46 S. W. Rep., 1047.

2. There is no evidence in the record justifying the court in submitting the issue as to whether or not appellant agreed to furnish the cars on any particular date, the evidence conclusively showing that there was no such agreement. It is error to submit issue upon which there is no evidence. Missouri Pac. Ry. v. Platzer, 11 S. W. Rep., 160; Missouri Pac. Ry. v. Peay, 20 S. W. Rep., 59; Western U. Tel. Co. v. Drake, 29 S. W. Rep., 920; Galveston, H. & S. A. Ry. v. Sullivan, 42 S. W. Rep., 569; Texas & P. Ry. Co. v. Birchfield, 33 S. W. Rep., 541; Shepherd v. White, 11 Texas, 355; Gulf, etc., Ry. v. Kizziah, 86 Texas, 89, 23 S. W. Rep., 581; Western U. Tel. Co. v. Tobin, 56 S. W. Rep., 540.

*R. N. Grishman,* for appellees.—1. An allegation of a contract or promise to furnish cars on a day certain comprehends the common-law liability and the statutory liability of appellant to furnish cars within a reasonable time. Herd's Stephens' Pleading, p. 18.

2. When a joint item of damages is pleaded as a whole, but is divided into its separate elements by the testimony, it is not error to submit to the jury the separate elements instead of the whole item.

SPEER, Associate Justice.—This is a suit by appellees against appellant to recover damages in the sum of $793, for alleged breach of contract to furnish four cars on November 1, 1903, for the shipment of 120 head of cattle from Stanton, Texas, to Los Angeles, California. The trial resulted in a verdict and judgment in favor of appellees for the amount sued for.

The case must be reversed because of the error of the court in submitting to the jury the issue whether or not appellant agreed to furnish the cars on November 1, since there is no evidence in the record which would justify the submission of such issue. The testimony relied upon by appellees is that of G. M. Arnett, who testified as follows: "I made the order for cars in question on the 30th day of October, 1903. I told D. W. Kyle (appellant's agent) that I wanted four cars for the shipment of my cattle to Los Angeles, California. He accepted my order. I do not remember what he said, but think he remarked: 'I will furnish them if I can.' When I talked to Mr. Kyle in ordering the cars he told me that he would have the cars according to my order if he could; he did not tell me that there was a shortage in cars at the time; he did not promise definitely to have the cars for me by the 1st of November, but only said he would have them for me if he could."

Kyle testified that he did not promise to furnish the cars on any particular day. This evidence, we think, is entirely insufficient to establish a contract to furnish cars on November 1.

The court also erred in submitting to the jury the question whether or not appellant negligently delayed furnishing cars on appellees' order. No such case was made by the pleadings, which, as before stated, alleged a contract to furnish cars on a specific date. There is much evidence tending to show negligence, but this can not help the matter. The case pleaded was not proved, and that proved was not pleaded.

The court should not have permitted the witnesses Arnett and Norred to testify as to the market value of the cattle in Los Angeles, California, based upon information received from what others at that place told them about it. This was pure hearsay, and should have been excluded upon appellant's objection. (Southern Pac. Ry. Co. v. Maddox, 75 Texas, 300, 12 S. W. Rep., 815; Texas & N. O. Ry. Co. v. White, 25 Texas Civ. App., 278, 62 S. W. Rep., 133; Cameron Mill & Elevator Co. v. Anderson, 34 Texas Civ. App., 229, 78 S. W. Rep., 971.) Without evidence as to the market values of cattle at the place of destination the court would not, of course, have any basis for the submission of the proper measure of damages in the case.

On another trial the court should not submit separately the item of horse hire necessary to the holding of the cattle during the delay, since such item was not pleaded, but should only submit those items which were both pleaded and proved.

While the evidence seems to have established that appellees were deprived of the benefits of a sale of their cattle previously entered into with one Bliss, of Los Angeles, of which contract appellant had notice, yet the court seems not to have submitted this matter for the consideration of the jury in estimating appellees' damage, but by the charge, in effect, limited them in their recovery by the market value of the cattle at Los Angeles.

Reversed and remanded.

*Reversed and remanded.*