## TEXAS & N. O. R. CO. v. MANDELL.

### No. 2035.

Court of Civil Appeals of Texas. Waco.

June 2, 1938.

Jesse F. Holt and Head, Dillard, Maxey, Freeman & McReynolds, all of Sherman, and Baker, Botts, Andrews & Wharton, of Houston, for appellant.

Gullett & Gullett, of Denison, and W. J. Durham, of Sherman, for appellee.

ALEXANDER, Justice.

This suit was brought by a shipper against a railroad company to recover damages for alleged delay and rough handling in the shipment of a car load of livestock shipped from Ben Bolt or Alice, Texas, to Booneville, Arkansas. The jury returned a verdict on special issues and judgment was rendered thereon for plaintiff. The railroad company appealed.

■ The jury found that the difference between the market value of the livestock as delivered at Booneville and their market value in the condition in which they should have been delivered was the sum of $400. The appellant challenges the sufficiency of the evidence to support this finding, and also challenges the admissibility of the only evidence introduced in support thereof. The record discloses that the cattle were shipped from Ben Bolt or Alice, Texas, on November 8th and arrived at Booneville on November 15th. The shipper Mandell and his father-in-law Sellers were farmers and dairymen, who, previous to the shipment, lived near Alice. After the cattle were loaded on the train, Mandell and Sellers went by automobile to Booneville. They were unfamiliar with the market value of livestock at that place. On November 13th while they were waiting at Booneville for the arrival of the shipment, they described the livestock as best they could to parties who represented themselves as being dairymen and dealers in cattle in the community and elicited from them their opinions as to

the market value of said livestock. Based solely on the information so obtained, Mandell and Sellers were permitted to give their opinion as to what would have been the market value of the cattle at Booneville on the date in question had they been delivered in the condition in which they should have been delivered. This evidence was objected to as being hearsay and otherwise inadmissible, and no other testimony was introduced in support of the verdict. Almost this identical question was before the Supreme Court in the case of Southern Pac. Ry. Co. v. Maddox, 75 Tex. 300, 12 S.W. 815, and it was there held that such evidence was hearsay and inadmissible. See, also, Texas & P. Ry. Co. v. Arnett, 40 Tex. Civ.App. 76, 88 S.W. 448; Texas & N. O. Ry. Co. v. White, 25 Tex.Civ.App. 278, 62 S.W. 133; Cameron Mill & Elevator Co. v. Anderson, 34 Tex.Civ.App. 229, 78 S.W. 971; Wichita Falls, R. & F. W. Ry. Co. v. Cooper, Tex.Civ.App., 235 S.W. 927. Since said evidence was hearsay and inadmissible, it was insufficient to support the verdict. 17 Tex.Jur. 521, sec. 211.

 The court, in submitting the case to the jury, inquired whether the injury to the livestock was caused by the defendant's negligence generally and did not confine the jury to the specific acts of negligence alleged by the plaintiff and supported by the testimony. Also in submitting the measure of damages, the court submitted the difference between the cash market value of the livestock as delivered at Booneville and "their value in the condition in which they would have been delivered had it not been for the injuries to said stock caused by the defendant railroad company * * * ." Upon another trial, the damages, if any, should be limited to the difference, if any, between the cash market value of the cattle as delivered and their cash market value at the time and place and in the condition in which they would have been delivered had it not been for the negligence, if any, of the railroad company, and the jury, in considering the negligence of the defendant, should be confined to the negligence alleged and supported by the testimony.

The other errors complained of will not likely arise in the same manner upon another trial, and, for this reason, need not be discussed at this time.

On account of the errors above pointed out, the judgment of the trial court is reversed and the cause is remanded for a new trial.